[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10231
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00013-JOF-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LEE HUNT,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(October 25, 2012)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver is Hunt's plea agreement is DENIED.  At Hunt's change of plea hearing,

the district court did not specifically ask Hunt whether he understood that he was

waiving his right to appeal his conviction as well as his sentence.  Furthermore, the record does not make clear that Hunt understood that he was waiving his right to appeal his conviction.  *United States v. Bushert*, 997 F .2d 1343, 1350-51 (11th Cir. 1993).  Accordingly, we deny the government's motion to dismiss pursuant to the appeal waiver in Hunt's please agreement.

However, Hunt's conviction is AFFIRMED.  Hunt cannot show that, but for his attorney's failure to argue for a seven year mandatory minimum at sentencing, he would not have entered his plea.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.E.2d 157 (2004).  The plea agreement informed Hunt that the mandatory minimum sentence was ten years, the district court at his change of please hearing informed Hunt that the mandatory minimum was ten years, and Hunt testified at his plea hearing that he understood that ten years was the mandatory minimum.  Further, the district court gave Hunt the opportunity to speak after this attorney's agreement to the ten year mandatory minimum sentence, and Hunt only apologized for his actions.  He did not make any statement that he wished to withdraw his plea, or that his attorney had agreed to argue for a seven year mandatory minimum.

**AFFIRMED.**